UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HUGHLAND SMITH,

     Petitioner,

v.                                                      Case No. 4:26cv19-TKW-HTC

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,

     Respondent.

_____/

## ORDER AND REPORT AND RECOMMENDATION

Hughland Smith, proceeding *pro se* and *in forma pauperis*, filed an amended petition under 28 U.S.C. § 2241, challenging the calculation of his release date from Lancaster Correctional Institution.  Doc. 7.  As explained below, Smith has failed to prosecute this action, to comply with orders of the Court, or to keep the Court apprised of his address.  Accordingly, the undersigned respectfully recommends that this case be DISMISSED WITHOUT PREJUDICE.

Smith filed his original habeas petition on January 5, 2026.  Doc. 1 at 1.  He did not, however, provide service copies, pay the filing fee, or file a motion to proceed *in forma pauperis*.  Upon review, the Court ordered Smith to (1) to pay the filing fee or file a motion to proceed *in forma pauperis*; and (2) file an amended petition by February 19, 2026.  Doc. 3.

Smith filed a motion to proceed *in forma pauperis* (Doc. 5) which the Court granted on February 26, 2026.  Doc. 6.  However, Smith did not file an amended petition until March 12, 2026.  Doc. 7.  Despite its tardiness, on March 24, the Court accepted the amended petition and ordered Smith to provide service copies of the amended petition, or pay for copies to be made, by April 7.  Doc. 8.

On March 27, the Court received a Motion for Monetary Damages and Lost Wages, filed by Smith on March 23.  Doc. 9.  Notably, in that motion, Smith stated that "In the event of my immediate release my mailing address will be 1115 Edgewood Ave. South Apt. 627, Jacksonville, Florida, 32205." *Id.* at 2.  On March 30, the Court denied the motion for monetary damages and reminded Smith of his obligation to provide service copies or payment for the clerk to make such copies. Doc. 10.

On April 8, 2026, Lancaster CI returned the Court's March 24 Order as undeliverable and indicated Smith had been "released 3/30/26."  Doc. 11 at 1.  A review of the Florida Department of Corrections' online records confirms Smith was released on March 30, 2026, and is under supervision until August 1, 2026.[1] Subsequently, as a matter of courtesy and despite having received no change of address request from Smith, the clerk resent the March 24 and March 30 Orders to

---

[1] https://pubapps.fdc.myflorida.com/OffenderSearch/Search.aspx

Case No. 4:26cv19-TKW-HTC

Smith at the free world address he provided in the Motion for Monetary Damages. Doc. 12.

Because Smith's release may have mooted the amended petition, on April 9, the Court ordered Smith to give written notice, by April 23, 2026, whether he intended to proceed with this action and to show cause why the matter had not been mooted by his release from incarceration. Doc. 12; s*ee Reynolds v. Yeager*, 2025 WL 3718394, at *2 (N.D. Ala. Dec. 1, 2025) (petition challenging prison's calculation of date for entry into residential reentry center rendered moot by prisoner's release into such facility). He was also directed to file a written notice of address change.[2] The April 9 Order was mailed to Smith at Lancaster CI and was also sent to his free world address. Doc. 12.

However, on April 22, 2026, the Court's March Orders were also returned to the Court without any forwarding address. Doc. 14. Thus, the Court has been unable to communicate with Smith since at least March 30, 2026, because Smith has failed to keep the Court apprised of his current address, despite being told to do so within seven days of any change in the Notice to Pro Se Litigant (Doc. 2 at ¶ 6), the Court's January 20, 2026, Order (Doc. 3 at 5), and the Court's February 26, 2026, Order (Doc. 6 at 3).

---

[2] The Court told Smith on multiple occasions that it is his obligation to keep the Court apprised of any changes in address. *See* Notice to Pro Se Litigant (Doc. 2 at ¶ 6), January 20, 2026, Order (Doc. 3 at 5), and February 26, 2026, Order (Doc. 6 at 3).

Because Smith has (1) failed to prosecute this action; (2) failed to comply with orders of the Court; and (3) failed to keep the Court apprised of his current address, this case should be DISMISSED.[3] *See Reed v. Stewart*, 2017 WL 1287672, at *1 (S.D. Ala. Feb. 24, 2017), *report and recommendation adopted*, 2017 WL 1276060 (S.D. Ala. Apr. 3, 2017) (An action may "be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure due to Plaintiff's failure to keep the Court apprised of his current address."); *see also, Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citations omitted); *Brown v. Tallahassee Police Dep't,* 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action sua sponte under [Federal Rule of Civil Procedure 41(b)] for failure to prosecute or failure to obey a court order.") (citations omitted).

Accordingly, it is ORDERED:

1.     The clerk shall send a copy of this Report and Recommendation to Smith at Lancaster CI and also to 1115 Edgewood Avenue S, Apt. 627, Jacksonville, FL 32205-0803.

---

[3] This Report and Recommendation serves as fair notice to Smith, sufficient to allow the Court to dismiss this action *sua sponte*. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (requiring the court employ a fair procedure before dismissing an action *sua sponte*); *see also, Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 F. App'x 121, 125, 127 (11th Cir. 2008); (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed).

Case No. 4:26cv19-TKW-HTC

And it is respectfully RECOMMENDED that:

1.    This case be DISMISSED WITHOUT PREJUDICE for Smith's failure to prosecute, failure to keep the Court apprised of his address, and failure to comply with Court orders.

2.    The clerk be directed to close the file.

At Pensacola, Florida, this 28th day of April, 2026.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.